UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R2B2 LLC D/B/A RUSSELL AND BODE DDS PLLC, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>TRUCK INSURANCE EXCHANGE,<br><br>            Defendant. | No.:<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Defendant Truck Insurance Exchange ("Truck"), by its attorneys, gives notice of the removal of the above-captioned action (the "Action") from the Superior Court of the State of Washington in and for Thurston County to the United States District Court for the Western District of Washington, Tacoma Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are set forth below.

### THE STATE COURT ACTION

1.     On January 21, 2021, Plaintiff R2B2 LLC d/b/a Russell and Bode DDS PLLC ("R2B2" or "Plaintiff") filed its complaint (the "Complaint") against Truck in the Superior Court of Thurston County, captioned *R2B2 LLC D/B/A RUSSELL AND BODE DDS PLLC,*

*individually and on behalf of all others similarly situated*, Case No. 21-2-00091-34 (the "State Court Action").

2.　　　R2B2 styled its Complaint as a class-action, purporting to represent a statewide class of similarly situated parties that seeks coverage under a property-insurance policy issued by Truck for alleged damages and losses incurred by businesses within the State of Washington resulting from directives issued by Washington Governor Jay Inslee and local civil authorities ("Orders") restricting operation of their businesses due to the COVID-19 pandemic.

3.　　　R2B2 alleges that it represents classes of all insureds in the State of Washington who were denied claims under the same Truck policies that R2B2 purchased, and who "suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities." Ex. A. (Complaint) at ¶¶ 54–55. R2B2 sets out eight separate alleged classes in its Complaint: (1) "Business Income Breach of Contract Class," (2) "Business Income Declaratory Relief Class," (3) "Extended Business Income Breach of Contract Class," (4) "Extended Business Income Declaratory Relief Class," (5) "Extra Expense Breach of Contract Class," (6) "Extra Expense Declaratory Relief Class," (7) "Civil Authority Breach of Contract Class," and (8) "Civil Authority Declaratory Relief Class." Ex. A. at ¶¶ 55(A)–(H).

4.　　　R2B2 asserts two claims for relief in its Complaint. Plaintiff first seeks a declaratory judgment that "Plaintiff's and Class Members' losses and expenses resulting from the interruption of their business are covered by the Policy issued by Truck to named insureds in the state of Washington covering property situated in Washington," and that "Truck is responsible for timely and fully paying all such claims." Ex. A. at ¶¶ 69–70. R2B2 also alleges that Truck breached its insurance contracts by denying R2B2's and the putative classes' insurance claims. Ex. A. at ¶¶ 73–77.

NOTICE OF REMOVAL
NO.:

PAGE 2

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

5.      By way of relief, R2B2 seeks the following "Request[s] for Relief" in its Complaint:

a.  "declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities."

b.  "A declaratory judgment that the defendant is responsible for timely and fully paying all such losses."

c.  "Damages."

d.  "Class action status under CR 23."

e.  "Interest, attorneys' fees, and costs."

6.      On March 8, 2021, Truck timely answered the Complaint and asserted a counterclaim. On May 7, 2021, Truck filed an unopposed amended answer and counterclaim.

7.      On June 14, 2021, Judge Erik D. Price entered a "Case Schedule Order" for the State Court Action.

8.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons, Truck's Answer and Counterclaim, Truck's Amended Answer and Counterclaim, and the Case Schedule Order are attached to this Notice of Removal as Exhibits A, B, C, D and E, respectively.

9.      Besides these documents, no other pleadings, process, or orders have been served upon Truck in the State Court Action.

**THE TACOMA DIVISION OF THE WESTERN DISTRICT OF WASHINGTON IS THE PROPER VENUE FOR THIS ACTION**

10.     28 U.S.C. § 1446(a) requires a removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending."

NOTICE OF REMOVAL
NO.:

PAGE 3

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

11.     This requirement is satisfied because Thurston County, the county where R2B2 filed the State Court Action, is within the Tacoma Division of the Western District of Washington. *See* 28 U.S.C. §§ 128, 1441(a), 1446(a).

12.     Accordingly, the Tacoma Division of the Western District of Washington is the proper venue to hear this Action.

**TRUCK TIMELY FILED THIS NOTICE OF REMOVAL**

13.     28 U.S.C. § 1446(b) provides that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14.     The case pleaded by R2B2's Complaint is not removable on its face. In its Complaint, R2B2 does not specify the amount of damages it seeks; R2B2 merely seeks unstated "damages" as well as attorneys' fees and costs. Ex. A at 17 (Request for Relief). Thus, Truck cannot determine whether the aggregate amount in controversy exceeds $5 million based solely on the pleading.

15.     Truck attempted to ascertain the amount in controversy through discovery by serving R2B2 the following interrogatory:

> "INTERROGATORY NO. 21: Identify precisely what [R2B2] believe[s] to be the total amount in controversy in this action for Plaintiff and all Class Members, and describe in detail how [R2B2] Identified, defined, calculated, and/or determined the total amount in controversy."

Ex. F (Truck's First Interrogatories and Requests for Production of Documents to Plaintiff) at 17.

16.     On July 14, 2021, R2B2 served its responses and objections to Truck's first interrogatories and requests for production of documents. R2B2 answered Interrogatory No. 21 as follows:

NOTICE OF REMOVAL
NO.:

PAGE 4

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

Plaintiff objects to this Interrogatory because it seeks information or analysis that is attorney work product or protected by the attorney-client privilege and because it seeks premature expert and/or class discovery. Plaintiff further objects to this Interrogatory to the extent the information is in Defendant's possession, custody, or control, or to the extent Defendant has superior access to the information. **The precise amount in controversy cannot be known for "Plaintiff and all Class Members" prior to discovery, which is ongoing, or prior to class certification. The request is therefore premature.** Notwithstanding this objection, Plaintiff's damages will be the subject of expert discovery. *See* Answer to Interrogatory No. 15.

Ex. G (R2B2's Responses and Objections to Truck's First Interrogatories and Requests for Production of Documents) at 25 (emphasis added).

17.     On July 16, 2021, R2B2 produced its first set of documents in Case No. 21-2-00091-34. In that production, R2B2 produced papers, marked confidential, containing information establishing that the amount in controversy for this class action exceeds $5 million.[1] *See* Ex. H (Defendant's Declaration Regarding Plaintiff's Claimed Damages).

18.     In its Complaint, R2B2 alleges that Truck has denied similar claims for similarly situated policyholders. It further alleges that the purported class members number in the "hundreds." Ex. A at ¶ 59.

19.     After Truck received R2B2's July 16, 2021 document production, it concluded that the amount in controversy here exceeds CAFA's $5 million jurisdictional threshold. Thus, Truck timely filed this Notice of Removal within 30 days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable."

20.     Accordingly, removal of the State Court Action is timely under 28 U.S.C. § 1446(b).

---

[1] Defendant has not attached these documents or disclosed the contents of these documents because they were marked confidential by R2B2. Defendant will file these documents with the Court under seal if needed.

NOTICE OF REMOVAL
NO.:

PAGE 5

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER THIS ACTION**

21.     This Court has jurisdiction over this Action pursuant to the Class Action Fairness Act ("CAFA") of 2005. CAFA permits removal of putative class actions pending in state court if "[1] the class has more than 100 members, [2] the parties are minimally diverse, and [3] the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015) (quoting *id.*); *see also* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(b). To remove under CAFA, "a defendant's notice of removal need include only a plausible allegation" that these requirements are met. *Dart*, 574 U.S. at 89. CAFA's jurisdictional elements are all met here.

<u>The Putative Class Size Exceeds 100 Members</u>

22.     CAFA requires that the putative class size encompass at least 100 potential class members. 28 U.S.C. § 1332(d)(5)(B).

23.     R2B2 alleges in its Complaint "that the proposed Classes, named insureds in the state of Washington issued policies by Truck covering property situated in the state of Washington, contain[] *hundreds of members*." Ex. A. at ¶ 59 (emphasis added).

24.     As defined and described by R2B2, the putative class members exceed 100 members, thus satisfying the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B).

<u>Minimal Diversity of Citizenship Exists</u>

25.     CAFA's minimal-diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020).

26.     According to the Complaint, R2B2 is a limited-liability company with its principal place of business at 2006 Caton Way SE, Olympia, Thurston County, Washington 98502. Ex. A. at ¶ 3. For purposes of diversity, the citizenship of a limited-liability company is determined by the citizenship of all of its members. *See Johnson v. Columbia Props.*

NOTICE OF REMOVAL
NO.:

PAGE 6

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). On information and belief, and as listed on the State of Washington's Secretary of State's website (at https://www.sos.wa.gov), the members of R2B2—Katie Russell, Tracie Bode, William Bode, and Stephen Russell, Jr.— are citizens of the State of Washington. R2B2, therefore, is a citizen of the State of Washington only.

27.     Truck is not a citizen of the State of Washington. Truck is a reciprocal or inter-insurance exchange. Therefore, it is considered an "unincorporated association" as Congress uses that term in 28 U.S.C. § 1332(d)(10). *Cady v. Am. Fam. Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (holding that "reciprocal insurance exchanges … are unincorporated associations"). Pursuant to § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Truck is organized under the laws of California with its principal place of business in California. Ex. A at ¶ 4. It is therefore a citizen of the State of California.

28.     Because R2B2, a member of each of the putative classes, is a citizen of the State of Washington, and Defendant Truck is a citizen of the State of California, CAFA's minimal-diversity requirement is satisfied.

<u>The Aggregate Amount in Controversy Exceeds $5 Million</u>

29.     To ascertain the amount in controversy for CAFA jurisdiction, the alleged claims of the individual members in a putative class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

30.     "[A] defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89 (emphasis added). "By design," the Supreme Court explained, "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87. Thus, "when a defendant seeks federal-court adjudication, the defendant's amount in

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

31.     As discussed above in Paragraph 14, the Complaint does not specify the amount of R2B2's alleged damages.  However, the confidential documents contained in R2B2's document production establish that, if the named Plaintiff's damages are representative of similarly situated class members, the $5 million jurisdictional threshold would be met by a class pool far below 100 persons. Where, as here, R2B2 seeks to represent Classes containing "hundreds of members" across the State of Washington, Ex. A at ¶ 59, the aggregate amount in controversy far exceeds the $5 million jurisdictional threshold.

32.     Moreover, R2B2 seeks attorneys' fees. The amount in controversy includes the potential award of attorneys' fees. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (analyzing amount-in-controversy requirement under CAFA). Thus, assuming for purposes of removal only that R2B2 might recover reasonable attorneys' fees in this Action, which Truck expressly disputes, R2B2's prayer for such attorneys' fees increases the aggregate amount in controversy in this Action.

33.     Therefore, on information and belief, tabulating the potential amount in controversy for the putative classes R2B2 seeks to represent, the aggregate amount alleged to be in controversy in this Action exceeds CAFA's $5 million jurisdictional threshold, rendering this matter removable.

34.     For the reasons set forth above, removal of this State Court Action is proper under CAFA.

35.     Pursuant to § 1446(d), Truck will serve this Notice of Removal on counsel of record for R2B2, Amy Williams-Derry, Ian S. Birk, and Gabe Verdugo.

36.     Also pursuant to § 1446(d), Truck will file a copy of this Notice of Removal with the clerk of the court for Thurston County.

NOTICE OF REMOVAL
NO.:

PAGE 8

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

37.     Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Truck.

DATED:  August 13, 2021

BULLIVANT HOUSER BAILEY PC

By  */s/ Ronald J. Clark*
     Ronald J. Clark, WSBA #43534
     E-mail:  ron.clark@bullivant.com

By  */s/ Jared F. Kiess*
     Jared F. Kiess, WSBA #54532
     E-mail:  jared.kiess@bullivant.com

Attorneys for Truck Insurance Exchange

HOGAN LOVELLS US LLP

By _____
     Christopher Cox, CA Bar #151650 (admitted *pro hac vice* in Thurston County)
     E-mail: chris.cox@hoganlovells.com
     Vanessa Wells, CA Bar #121279 (admitted *pro hac vice* in Thurston County)
     E-mail: vanessa.wells@hoganlovells.com
     Joseph Spoerl, CA Bar #330245 (admitted *pro hac vice* in Thurston County)
     E-mail: joseph.spoerl@hoganlovells.com
     4085 Campbell Ave., Suite 100
     Menlo Park, CA 94025
     Tel. (650) 463-4000

     Andrew Lillie, CO Bar #34555 (admitted *pro hac vice* in Thurston County)
     E-mail: andrew.lillie@hoganlovells.com
     Cory Wroblewski, CO Bar #52383 (admitted *pro hac vice* in Thurston County)
     E-mail: cory.wroblewski@hoganlovells.com
     1601 Wewatta St., Suite 900
     Tel. (303) 899-7339

Attorneys for Truck Insurance Exchange

4813-8789-8102.1

NOTICE OF REMOVAL
NO.:

PAGE 9

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2021, I electronically filed the foregoing with the

Clerk of the Court using the e-filing system which will send notification of such filing to the

persons listed below:

| | |
|---|---|
| Amy Williams-Derry<br>Ian S. Birk<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Email: awilliams-derry@kellerrohrback.com<br>Email: ibirk@kellerrohrback.com<br>Email: ajdevries@kellerrohrback.com<br>Email: mmontgomery@KellerRohrback.com<br>Email: bspangler@KellerRohrback.com<br>Email: joldach@kellerrohrback.com | ☐ via hand delivery.<br>☐ via first class mail.<br>☐ via email<br>☒ CM/ECF E-service |

*Attorneys for Plaintiffs and the Proposed Classes*

Dated:  August 13, 2021.

*/s/ Kristin Anderson*
Kristin Anderson, Legal Assistant

PAGE 10   **Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351