# Exhibit A

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
01/21/2021 9:05:32 AM
Linda Myhre Enlow
Thurston County Clerk

SUPERIOR COURT OF WASHINGTON
IN AND FOR THURSTON COUNTY

| | |
|---|---|
| R2B2 LLC D/B/A RUSSELL AND BODE DDS PLLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUCK INSURANCE EXCHANGE,<br><br>Defendant. | No. 21-2-00091-34<br><br>COMPLAINT—CLASS ACTION |

## I.     INTRODUCTION

Plaintiff R2B2 LLC d/b/a Russell and Bode DDS PLLC ("Plaintiff"), individually and on behalf of all other similarly situated members of the defined classes (the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant Truck Insurance Exchange ("Truck" or "Defendant") and alleges as follows based on personal knowledge and information and belief:

## II.     JURISDICTION

1.     This Court has original jurisdiction pursuant to RCW 2.08.010 because the case originates in the state of Washington and the amount in controversy exceeds the jurisdictional threshold.

COMPLAINT- 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2. This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts with Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper pursuant to RCW 4.28.185. Moreover, the claims of Plaintiff and all of the Class Members arise out of and directly relate to Defendant's contacts with Washington.

### III. PARTIES

3. Plaintiff R2B2 LLC d/b/a Russell and Bode DDS PLLC owns and operates a family dental practice with its principal place of business at 2006 Caton Way SE, Olympia, Thurston County, Washington 98502.

4. Defendant Truck Insurance Exchange is an insurer with its principal office in Woodland Hills, California. Defendant is an insurance carrier authorized to write, sell, and issue business insurance policies in Washington to policyholders, including Plaintiff.

5. Defendant is vicariously liable for the acts and omissions of its employees and agents.

### IV. NATURE OF THE CASE

6. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

7. Defendant issued one or more "all risk" insurance policies to Plaintiff, including a Businessowners Special Property Coverage Form and related endorsements ("the Policy"), insuring Plaintiff's property and business practice at all relevant times, including the periods of October 29, 2019 to October 29, 2020.

COMPLAINT- 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

8. Defendant issued the Policy in Washington covering property situated in Washington.

9. Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of dental services and other related business activities.

10. Defendant's Policy issued to Plaintiff is an "all-risk" policy that provides broad property and business interruption coverage except where excluded.

11. Defendant promises to pay Plaintiff for risks of "direct physical loss of or damage to" covered property.

12. The Policy includes coverage for risks of both damage to and loss of covered property.

13. Plaintiff paid all premiums for the coverage when due.

14. Defendant's Businessowners Special Property Coverage Form provides Plaintiff with Business Income Coverage, Extended Business Income Coverage, Extra Expense Coverage, and Civil Authority Coverage, with related endorsements.

15. On information and belief, Defendant issued materially identical policies concerning business interruption and other coverages to other policyholders in Washington covering property in the state of Washington for the relevant period.

16. On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

17. COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States including Washington State. In many infected persons, the virus causes severe illness and requires hospitalization, including intubation. The

COMPLAINT- 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

virus has killed over 386,000 people in the United States to date. Persons who survive the virus have experienced ongoing cognitive and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

18. The virus is a physical substance that spreads person to person through respiratory droplets that reach another person and that are produced when an infected person breathes, talks, coughs or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., furniture, dentistry instruments, tables, door knobs, chairs, touch screens) and those objects are then touched by another person who then touches their own mouth, nose or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

19. COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet will still spread the virus. Guidance issued by the Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

20. The CDC also recognizes that "dental settings have unique characteristics that warrant specific infection control considerations," and that the most critical dental services must

---

[1] *See, e.g.*, *Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Jan. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.
[2] *See Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Jan. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

COMPLAINT- 4

be prioritized in a way that minimizes harm to patients from delaying care while minimizing harm to personnel and patients from potential exposure to COVID-19 infection.[3]

21. The CDC reports that people can become infected with the COVID-19 virus through airborne transmission, especially in enclosed spaces with inadequate ventilation, and thus, people more than six feet apart can become infected by tiny droplets and particles that float in the air for minutes and hours. The virus can spread this way and infect other persons even after the infected person has left the area.[4]

22. In March 2020, the American Dental Association ("ADA") recommended that dental providers close their offices for all but emergency care.[5] Upon expiration of that guideline in April 2020, the ADA recommended that dental providers keep their offices closed to all but urgent and emergency procedures.[6]

23. Public health data throughout the United States shows the rate of positive testing by state and county, the numbers of persons by state who have been diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics.[7]

---

[3] *Coronavirus (COVID-19): Guidance for Dental Settings*, CDC (updated Dec. 4, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/dental-settings.html.

[4] *See Coronavirus (COVID-19): How COVID-19 Spreads*, CDC (updated Oct. 28, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html; *see also* Lena H. Sun & Ben Guarino, *CDC Says Airborne Transmission Plays a Role in Coronavirus Spread in a Long-Awaited Update After a Website Error Last Month*, Wash. Post (Oct. 5, 2020), https://www.washingtonpost.com/health/2020/10/05/cdc-coronavirus-airborne-transmission/.

[5] *ADA Calls Upon Dentists to Postpone Elective Procedures*, ADA (Mar. 16, 2020), https://www.ada.org/en/press-room/news-releases/2020-archives/march/ada-calls-upon-dentists-to-postpone-elective-procedures.

[6] *ADA Urges Dentists to Heed April 30 Interim Postponement Recommendation, Maintain Focus on Urgent and Emergency Dental Care Only*, ADA (Apr. 1, 2020), https://www.ada.org/en/press-room/news-releases/2020-archives/april/summary-of-ada-guidance-during-the-covid-19-crisis.

[7] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Jan. 15, 2021), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).

COMPLAINT- 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

24. On March 11, 2020, Thurston County noted the first person in the County who had been infected with the coronavirus.[8]

25. As of January 14, 2021, at least 288,127 persons in Washington State have tested positive for COVID-19, 16,074 have been hospitalized, and 3,949 have died due to the COVID-19 virus.[9]

26. As of January 14, 2021, over 5,500 persons in Thurston County have tested positive for COVID-19, 325 have been hospitalized, and 59 have died due to the COVID-19 virus.[10]

27. The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

28. The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and direct physical loss of property.

29. The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

30. The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and direct physical loss of property.

---

[8] *Public Health Confirms Case of COVID-19 in Thurston County*, Thurston County (Mar. 11, 2020), https://www.thurstoncountywa.gov/tchome/pages/newsreleasedetail.aspx?List-ID=2044.
[9] *See* supra note 7.
[10] *Thurston County COVID-19 Dashboard*, Thurston County (Jan. 14, 2021), https://www.thurstoncountywa.gov/phss/Coronavirus/Pages/covid-19-dashboard.aspx.

COMPLAINT- 6

31. The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and direct physical loss to the premises and property.

32. Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

33. On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as the result of COVID-19.

34. Thereafter, Governor Inslee issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

35. On March 19, 2020, Governor Inslee issued Proclamation 20-24, "Restrictions on Non Urgent Medical Procedures." The proclamation provides, in part:

> WHEREAS, the health care personal protective equipment supply chain in Washington State has been severely disrupted by the significant increased use of such equipment worldwide, such that there are now critical shortages of this equipment for health care workers. To curtail the spread of the COVID-19 pandemic in Washington State and to protect our health care workers as they provide health care services, it is necessary to immediately prohibit all hospitals, ambulatory surgery centers, and dental, orthodontic, and endodontic offices in Washington State from providing health care services, procedures and surgeries that require personal protective equipment, which if delayed, are not anticipated to cause harm to the patient within the next three months[.][11]

36. Proclamation 20-24 provides that one of the reasons it was issued was that "the worldwide COVID-19 pandemic and its progression throughout Washington State continues to

---

[11] Proclamation 20-24 of Washington Gov. Jay Inslee, *Restrictions on Non Urgent Medical Procedures* at 1 (Mar. 19, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-24%20COVID-19%20non-urgent%20medical%20procedures%20%28tmp%29.pdf.

COMPLAINT- 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace."[12]

37. On information and belief, Proclamation 20-24 refers to property damage throughout Washington State, including in Thurston County where Plaintiff's business is located.

38. By order of Governor Inslee, dentists including Plaintiff were prohibited from providing services but for urgent and emergency procedures.

39. On March 23, 2020, Mr. John Weisman, Secretary of Washington State's Department of Health, issued a list of directives and orders regarding healthcare matters and mandated that all healthcare practitioners, including dental, cease all elective and non-urgent medical procedures and appointments as of the close of business on March 24, 2020, and throughout the duration of the catastrophic health emergency.

40. On March 25, 2020, the Washington State Dental Association recommended that all dental practices follow the mandates and orders of the Washington State's Department of Health and postpone all non-emergency or non-urgent dental procedures throughout the duration of the catastrophic health emergency.

41. On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home – Stay Healthy." The proclamation, which amends prior proclamations, requires that "[a]ll people in Washington State [] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business

---

[12] *Id.*

COMPLAINT- 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

services."[13] The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."[14]

42. Governor Inslee's proclamations and orders related to COVID-19 have been extended and modified from time to time.

43. Loss caused by COVID-19 and/or Governor Inslee's orders and proclamations rendered Plaintiff's property unusable for its intended and insured purpose.

44. Plaintiff's property has sustained direct physical loss and/or damages related to COVID-19 and/or the proclamations and orders.

45. Plaintiff's property will continue to sustain direct physical loss or damage covered by the Truck policy or policies, including but not limited to business interruption, extra expense, extended business interruption, interruption by civil authority, and other expenses.

46. Plaintiff has been unable to use its physical property for its intended business purposes.

47. As a result of the above, Plaintiff has experienced and will experience loss covered by the Truck policy or policies.

48. Plaintiff complied with all requirements in the Truck policy or policies.

49. No COVID-19 virus has been detected on Plaintiff's business premises.

50. On or about March 23, 2020, Plaintiff submitted its claim to Truck for its loss.

51. Without meaningful investigation, Truck denied Plaintiff's claim by form letter dated March 26, 2020.

---

[13] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* at 3 (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
[14] *Id.* at 2.

COMPLAINT- 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

52. On information and belief, Truck has issued substantively identical denial letters to other Class Members in Washington for losses stemming from the proclamations and orders of Governor Inslee.

53. On information and belief, Truck intends to deny or has denied coverage for other similarly situated members of the proposed classes.

## V.   CLASS ACTION ALLEGATIONS

54. This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Washington Civil Rules 23(b)(1), 23(b)(2), and 23(b)(3).

55. The Class Members that Plaintiff seeks to represent are defined as:

A. ***Business Income Breach of Contract Class:*** Named insureds in the state of Washington issued a Truck policy with Business Income Coverage covering property situated in the state of Washington who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income Coverage claim was denied by Truck.

B. ***Business Income Declaratory Relief Class:*** Named insureds in the state of Washington issued a Truck policy with Business Income Coverage covering property situated in the state of Washington who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

C. ***Extended Business Income Breach of Contract Class:*** Named insureds in the state of Washington issued a Truck policy with Extended Business Income Coverage covering property situated in the state of Washington who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders

COMPLAINT- 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income Coverage claim was denied by Truck.

   D. ***Extended Business Income Declaratory Relief Class:*** Named insureds in the state of Washington issued a Truck policy with Extended Business Income Coverage covering property situated in the state of Washington who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

   E. ***Extra Expense Breach of Contract Class:*** Named insureds in the state of Washington issued a Truck policy with Extra Expense Coverage covering property situated in the state of Washington who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense Coverage claim was denied by Truck.

   F. ***Extra Expense Declaratory Relief Class:*** Named insureds in the state of Washington issued a Truck policy with Extra Expense Coverage covering property situated in the state of Washington who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

   G. ***Civil Authority Breach of Contract Class:*** Named insureds in the state of Washington issued a Truck policy with Civil Authority Coverage covering property situated in the state of Washington who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee,

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and/or other civil authorities and whose Civil Authority Coverage claim was denied by Truck.

   H. ***Civil Authority Declaratory Relief Class:*** Named insureds in the state of Washington issued a Truck policy with Civil Authority Coverage covering property situated in the state of Washington who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

56. Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff.

57. Plaintiff reserves the right to amend the above-described Classes definition based on information obtained in discovery including Defendant's internal records presently unavailable to Plaintiff.

58. This action may properly be maintained on behalf of each proposed Class under the criteria of CR 23.

59. **Numerosity**: The Class Members are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Classes, named insureds in the state of Washington issued policies by Truck covering property situated in the state of Washington, contains hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

60. **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual Class Members. Common questions include, but are not limited to, the following:

COMPLAINT- 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

A. Whether the Class Members suffered covered losses based on common policies issued in the state of Washington covering property situated in the state of Washington by Truck to members of the Classes;

B. Whether Truck acted in a manner common to the Classes and wrongfully denied claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C. Whether Business Income Coverage in Truck's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D. Whether Extra Expense Coverage in Truck's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E. Whether Civil Authority Coverage in Truck's policies of insurance applies to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

F. Whether Truck has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

G. Whether, because of Defendant's conduct, Plaintiff and the Class Members have suffered damages; and if so, the appropriate amount thereof; and

COMPLAINT- 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

H.      Whether, because of Defendant's conduct, Plaintiff and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

61.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all Class Members of the classes have been injured by the same wrongful practices of Truck, which issued policies to named insureds in the state of Washington covering property situated in the state of Washington. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class Members and are based on the same legal theories.

62.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Classes.

63.     **CR 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the proposed classes. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant.

64.     **CR 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

COMPLAINT- 14

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

65. **CR 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.  CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, Civil Authority Declaratory Relief Class)*

66. Previous paragraphs alleged are incorporated herein.

67. This is a cause of action for declaratory judgment pursuant to the Uniform Declaratory Judgments Act, RCW 7.24.010 *et seq*.

68. Plaintiff brings this cause of action on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

69. Plaintiff seeks a declaratory judgment declaring that Plaintiff's and Class Members' losses and expenses resulting from the interruption of their business are covered by the Policy issued by Truck to named insureds in the state of Washington covering property situated in Washington.

COMPLAINT- 15

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

70. Plaintiff seeks a declaratory judgment declaring that Truck is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, Civil Authority Breach of Contract Class)*

71. Previous paragraphs alleged are incorporated herein.

72. Plaintiff brings this cause of action on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class.

73. The Policy by Truck is a contract under which Plaintiff and Class Members paid premiums to Truck in exchange for Truck's promise to pay Plaintiff and the class for all claims covered by the Policy.

74. Plaintiff has paid its insurance premiums.

75. Truck intends to deny or has denied Plaintiff coverage and has or will continue to deny coverage for other similarly situated members of the proposed class.

76. Denying coverage for the claim is a breach of the insurance contract.

77. Plaintiff and the Class Members are harmed by the breach of the insurance contract by Truck.

### VII.   REQUEST FOR RELIEF

1. A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

COMPLAINT- 16

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

3. Damages.

4. Class action status under CR 23.

5. Pre- and post-judgment interest at the highest allowable rate.

6. Attorney fees and costs under *Olympic Steamship S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 52, 811 P.2d 673, 681 (1991), and/or applicable law.

7. Such further and other relief as the Court shall deem appropriate.

DATED this 21st day of January, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Ian S. Birk*
    Amy Williams-Derry, WSBA #28711
    Ian S. Birk, WSBA #31431
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Tel.: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: ibirk@kellerrohrback.com

**Attorneys for Plaintiff and the Proposed Classes**

COMPLAINT- 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384